# RECEIVED

AUG 3 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| DAWN RICHARD GRANGER, Individually and o/b/o John and Maegan Granger | CIVIL ACTION NO. 05-1995 |
| | JUDGE DOHERTY |
| VS. | |
| | MAGISTRATE JUDGE METHVIN |
| LYNN LEJEUNE CITY OF EUNICE GARY FONTENOT PATRICIA T. LACALLE ROY JONES JOHN CORMIER STEVEN CORMIER | |

## HEIGHTENED PLEADING REVIEW

In this §1983 civil rights suit, plaintiff has sued defendants Gary Fontenot, Patricia T.

Lacalle, Roy Jones, John Cormier, and Steven Cormier, all employees of the Eunice City Police

Department, in both their official and individual capacities. In their answer, the aforementioned

defendants plead the defense of qualified immunity. The undersigned has therefore conducted an

evaluation of plaintiffs' complaint to determine whether it meets the applicable heightened

pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995);[1] Baker v. Putnal, 75

F.3d 190, 195 (5th Cir. 1996).

Plaintiff's complaint alleges a violation of the civil rights of her deceased husband based

upon the following alleged facts: Plaintiff's decedent, John Heath Granger, were husband and

---

[1] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a §1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." Schultea v. Wood, 47 F.3d 1427, 1433-34.

wife with two minor children; on November 26, 2004, Granger was incarcerated at the Eunice City Jail for a probation violation after being arrested by defendant Steven Cormier; while incarcerated, Granger was placed under a suicide watch; the individually-named defendants were either on duty or on watch at the Eunice City Jail on November 26, 2004 and were assigned to make rounds to check on the status of Granger; and that, while left unattended by the individually-named police officers on watch, Granger hung himself with a telephone cord located in the area in which he had been placed while under a suicide watch. Plaintiff seeks damages for herself and her minor children for mental anguish; anxiety; loss of love, affection, and support; loss of future support; hedonic damages; loss of inheritance; funeral expenses; loss of comfort and companionship; loss of retirement benefits; loss of consortium; and psychological and mental damages.

Considering the foregoing, the undersigned concludes that plaintiffs have "supported [their] claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." <u>Schultea</u>, 47 F.3d at 1434. Plaintiff has therefore met the heightened pleading requirement and no Rule 7(a) Order is

necessary in this case. For the same reason, no order limiting discovery under <u>Schultea</u> is appropriate.[2]

Signed at Lafayette, Louisiana on August __31__, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2] The Fifth Circuit in <u>Schultea</u> stated:

The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

<u>Schultea</u>, 47 F.3d at 1432-34.